**Ibrahima BAH, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 06–3206–ag.

United States Court of Appeals, Second Circuit.

Aug. 30, 2007.

Theodore Vialet, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Leslie McKay, Senior Litigation Counsel, Debora Gerads, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Ibrahima Bah, a native and citizen of Sierra Leone, seeks review of a June 12, 2006, order of the BIA affirming the November 5, 2004, decision of Immigration Judge ("IJ") Patricia A. Rohan denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Ibrahima Bah,* No. A 78 226 102 (B.I.A. Jun. 12, 2006), *aff'g* No. A 78 226 102 (Immig. Ct. N.Y. City Nov. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, Bah failed to challenge the IJ's denial of relief under the CAT in his brief to this Court, and therefore that claim has been abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the BIA's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that an applicant failed to show either changed or extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D).

Notwithstanding that provision, we retain jurisdiction to review constitutional claims and "questions of law" related to these issues. 8 U.S.C. § 1252(a)(2)(D). However, here Bah's argument on the issue of timeliness is "essentially a quarrel about factfinding." *Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 330 (2d Cir.2006). As such, we dismiss the peti-

tion for review as to Bah's asylum claim for lack of subject matter jurisdiction.

Even though we lack jurisdiction over Bah's asylum claim, we proceed to review the denial of his withholding of removal claim. *See Xiao Ji Chen,* 471 F.3d at 332. While past persecution can be a basis for granting relief and establishes a presumption of a well-founded fear of persecution, that presumption may be rebutted by a showing of fundamentally changed country conditions. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003); 8 C.F.R. § 1208.13(b)(1)(i)(A) & (B). The IJ's finding that conditions in Sierra Leone had changed sufficiently to rebut any presumption of a well-founded fear of persecution is supported by the record.

Here, the IJ properly found that the civil conflict in Sierra Leone had ended, and that "the government, backed by a U.N. peace-keeping force, has asserted control over the whole country including the RUF ... the individuals with whom the respondent had the most recent difficulties in January of 1999, which precipitated his departure from Sierra Leone."

The IJ further noted that Tejan Kabbah had been reelected as president in 2002 and that the Sierra Leone People's Party ("SLPP"), the party supported by Bah's family, had won a majority of seats in parliament. This finding is supported by the documentary evidence in the record.

While State Department reports from 1999 and 2000 support Bah's assertions that Revolutionary United Front ("RUF") rebels committed serious human rights abuses throughout the country, the 2002 U.S. Department of State Country Report on Human Rights Practices for Sierra Leone indicates that the RUF "did not exert significant control over the civilian population in any area in the country." It also asserts that there were no reports of beatings, rapes, or other serious abuses committed by the RUF, as there had been in previous years. Furthermore, the country reports show that the RUF is not influential, having registered as a political party, but receiving only 1.7 percent of the vote in the May 2002 elections. Therefore, any presumption of a well-founded fear that Bah may have established from his past persecution has been rebutted by the IJ's findings of changed country conditions. Accordingly, the IJ did not err in finding that Bah's fear of persecution in Sierra Leone is no longer objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

While we uphold the IJ's finding of changed country conditions, we do not find that the adverse credibility determination in this case was supported by substantial evidence. However, remand would be futile, because the IJ relied on a valid alternative ground for her denial of relief, *see Xiao Ji Chen,* 471 F.3d at 338–39, and we can confidently predict that the agency would reach the same decision absent the adverse credibility determination. *See id.* at 339.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.